## D. D. Harris, Sr., v. Joseph W. Gaunt.

1. INSTRUCTIONS—*when errors in, will not reverse.* Notwithstanding instructions given may be subject to criticism a verdict will not be disturbed on appeal where it appears that substantial justice has been done and that the instructions upon the whole fairly presented the law of the case to the jury.

Action of assumpsit. Appeal from the Circuit Court of Pulaski County; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the February term, 1905. Affirmed. Opinion filed September 8, 1905.

GEORGE E. MARTIN and L. M. BRADLEY, for appellant.

Harris v. Gaunt.

Wall & Caster, for appellee.

Mr. Presiding Justice Higbee delivered the opinion of the court.

It appeared from the evidence that appellant and one J. B. Calhoun entered into a contract with appellee to build a house for him early in the year 1901 and gave a bond for the performance of the contract; that there was no general partnership existing between appellant and Calhoun and that outside of this contract they were not in any way interested with each other. Money was paid out on the contract by appellee as the work progressed and at its completion, about the middle of March, 1902, the three parties met and figured out their accounts, which showed that the contractors had overdrawn and were indebted to appellee in the sum of $517.30. A short time after this appellee saw appellant and Calhoun together and talked the matter of his claim over with them, but no settlement was then made. Some five or six days later Calhoun came to see appellee and the latter agreed to compromise for the sum of $300 and take that amount in full of the balance due him. Calhoun then saw appellant and talked to him about the matter and shortly afterwards called upon appellee and paid him $150. Appellee thereupon discharged Calhoun in full from the indebtedness and delivered him the bond made by him and appellant.

Appellee claimed that appellant was to pay him the other $150 due on the amount agreed upon in compromise, and as he failed to do so, appellee brought this suit for that amount. Upon the trial there was a verdict and a judgment in favor of appellee for $150, the full amount of his claim, and the defendant below brings the case here for review.

Appellant as a matter of defense claims that the obligation was a joint one; that appellee settled with and discharged his co-obligor without appellant's knowledge or consent and without expressly reserving the right to proceed against him. Appellee on the contrary contends that

the old joint debt was disposed of by a new arrangement whereby each of the contractors was to pay one half of the $300 agreed upon in compromise.

The evidence for appellee, which, in these particulars, is not contradicted by that for appellant, is that Calhoun saw appellant prior to his release in regard to the settlement; that after the compromise had been agreed upon between Calhoun and appellee and prior to the payment made by Calhoun and his discharge, appellant wrote to appellee in regard to his indebtedness, asking him to wait a few days, as he, appellant, thought he could get school money which would suit him better than getting money from the bank; that appellant also saw appellee personally and talked to him about the matter and that appellant said he had seen a Mr. Boyd about the matter and that Boyd said he could get the money.

We think the evidence was sufficient to warrant the jury in finding that the old joint indebtedness of appellant and Calhoun was abandoned pursuant to the compromise, when appellee agreed to take $300 for the $517.30 which was due him and that in consideration of the new arrangement, each of the former partners was to pay appellee $150. In this view of the case it was therefore no defense for appellant that Calhoun paid his $150 and was discharged.

One of the instructions given for appellee is justly subject to criticism, but the objectionable features were not of sufficient importance to warrant, on that account, a reversal of the judgment in this case, where the instructions taken as a whole seem to have fairly presented the law of the case to the jury and where substantial justice between the parties appears to have been done.

The judgment of the court below will be affirmed.

*Affirmed.*